UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| UNITED STATES OF AMERICA, | Case No. 2:22-cr-00204-MMD-MDC |
|---|---|
| Plaintiff, | ORDER |
| v. | |
| GEORGE PEREZ, | |
| Defendant. | |

**I.   SUMMARY**

Following a bifurcated trial, the jury returned a verdict of guilty on all counts: seven counts of interference with commerce by robbery (Hobbs Act robbery); seven counts of brandishing a firearm during and in relation to a crime of violence; and one count of felon in possession of a firearm. (ECF Nos. 123, 126.) The seven businesses that were robbed in January 2022 were Ross Dress for Less, WSS Shoes, DSW Shoes, DD's Discount, Reebok, TJ Maxx, and Gamestop. (ECF No. 123.) Before the Court is Defendant's motion for judgment of acquittal or alternatively for a new trial. (ECF No. 130 ("Motion").)[1] As further explained below, the Court denies the Motion.

**II.   DISCUSSION**

Defendant raises two arguments as to acquittal of the Hobbs Act robbery counts: (1) the governmental failed to establish Defendant took any money against the will of the Ross employees (counts one and two); and (2) the government failed to establish the interstate commerce element as to Ross (counts one and two), DD's Discount (counts 9 and 10) and TJ Maxx (counts 15 and 16). (*Id.*) The Court will address each argument in turn below.

---

[1]The government filed a response. (ECF No. 131.) Defendant did not file a reply.

The Court reviews Defendant's post-verdict motion for judgment of acquittal, renewing his earlier Rule 29 motion[2], under a sufficiency of the evidence standard. *See United States v. Gonzalez,* 528 F.3d 1207, 1211 (9th Cir. 2008). A criminal defendant's challenge to the constitutional sufficiency of evidence to support a criminal conviction is governed by *Jackson v. Virginia*, 443 U.S. 307, 319 (1979). *Jackson* requires a court, upon such a motion, to construe the evidence "in the light most favorable to the prosecution" to determine whether "*any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *Id.* (emphasis in original). When considering the evidence in the light most favorable to the prosecution, "faced with a record of historical facts that supports conflicting inferences, a reviewing court must presume—even if it does not affirmatively appear in the record—that the trier of fact resolved any such conflicts in favor of the prosecution, and must defer to that resolution." *United States v. Nevils*, 598 F.3d 1158, 1164 (9th Cir. 2010) (en banc) (quoting *Jackson*, 443 U.S. at 326).

As to the first argument, Defendant contends testimony by the Ross manager on duty, Kimberly Cerda, showed she did not experience fear of injury from the alleged use of force sufficient for the government to establish that a robbery[3] occurred, and the cashier, Armondo Moreno, did not testify. (ECF No. 130 at 5.) Cerda testified that she was standing near the cash register during the robbery. She testified she was surprised, not scared, but in shock and concerned about the cashier (Moreno), who was shaken up. Cerda further testified that the suspect's comment to Moreno to give him money under the cash register caught her attention and she said "seriously?" and he then pointed a

---

[2]The Motion raises the same arguments Defendant raised in moving for judgment of acquittal under Fed. R. Crim. P. 29(a) at the close of the government's case. (ECF No. 119.)

[3]"Robbery" means the unlawful taking or obtaining of personal property from the person or in the presence of another, against his will, by means of actual or threatened force, or violence or fear of injury, immediate or future, to his person or property. *See* 9th Cir. Crim. Jury Instr. 8.143A, *available at* https://www.ce9.uscourts.gov/jury-instructions/node/711.

gun at her. She then backed up and let him do what he was going to do. Viewing her testimony and the surveillance video of the robbery (Exhibit 3) in the light most favorable to the government, a rational trier of fact could find that Cerda and Moreno gave the suspect money because of the suspect's threatened use of force.

As to the interstate nexus, Defendant argues the government failed to establish that the robbery affected interstate commerce as to Ross, DD's Discount, and TJ Maxx. (ECF No. 130 at 7-8.) According to Defendant, the two witnesses for Ross and DD's did not testify that the respective entity's distribution policy existed in 2022 and the TJ Maxx witness testified she did not know where goods sold at the TJ Maxx location in Las Vegas came from. (*Id.*)

"Conduct affects interstate commerce if it in any way involves, interferes with, changes, or alters the movement or transportation or flow of goods, merchandise, money, or other property in commerce between or among the states or between the United States and a foreign country. The effect can be minimal." 9th Cir. Crim. Jury Instr. 8.143B, *available at* https://www.ce9.uscourts.gov/jury-instructions/node/719. *See also Untied States v. Nelson,* 137 F.3d 1094, 1102 (9th Cir. 1998) (reaffirming that "the government need only show a de minimis effect on interstate commerce for purposes of federal jurisdiction under the Hobbs Act.") The "'commerce' element of a Hobbs Act robbery could be established if the robbery 'could' affect commerce over which the United States has jurisdiction." *United States v. Woodberry*, 987 F.3d 1231, 1235-36 (9th Cir. 2021).[4] This standard "is quite low" and does not require actual impact but only "probable or potential impact on interstate commerce." *United States v. Fierro*, 450 F. App'x 586, 587 (9th Cir. 2011) (citing *United States v. Lynch,* 437 F.3d 902, 908-09 (9th Cir. 2006) (en banc)). De minimus effect on interstate commerce has been found where the victim convenience store obtained its inventory from outside the state, *see United States v. Bellamy,* 521 F. App'x 590, 591 (9th Cir. 2013); the victim jewelry stores conducted

---

[4] Defendant cites to two Seventh Circuit decisions (ECF No. 130 at 7), which the Court finds unpersuasive in light of binding Ninth Circuit caselaw.

business with out of state entities, obtained their merchandise from outside the state and whose parent company was headquartered outside the state, *see Nelson,* 137 F.3d at 1102; and where the robbery caused the victim business to close temporarily to allow for law enforcement to secure the scene for investigation, *see Fierro*, 450 F. App'x at 588.

Here, the Court agrees with the government that it offered sufficient evidence to show de minimus impact on interstate commerce as to Ross and DD's Discount. DD's Discount's District Manager, Johnathan Lim, testified that DD's Discount is owned by Ross. DD's Discount is headquartered in Dublin, California. Both stores had to close temporarily after the robbery to allow for law enforcement investigation. Both have stores throughout the country—Ross has over 1700 stores while DD's Discount has 70 stores. DD's Discount's merchandise come from its distribution center in Redlands, California. Ross's merchandise similarly comes from distribution centers in California. Viewing such evidence in the light most favorable to the government, a rational jury could find the element of interstate commerce as to each business beyond a reasonable doubt.

Defendant's argument as to Ross and DD's Discount is grounded on a single contention that the government failed to elicit whether the distribution policies for Ross and for DD's Discount were specifically in place at the time of the robbery in January 2022.[5] (ECF No. 130 at 7-8.) But as the government points out, there was no testimony that the policies change such that the distribution centers were ever located in Nevada. (ECF No. 131 at 6.) Regardless, even ignoring the testimony that merchandise sold at Ross and at DD's Discount come from outside Nevada, the other evidence offered (as discussed above) is sufficient to support the jury's finding of interstate nexus.

As to TJ Maxx, Defendant relies on the witness's (Susan Borer) testimony that she did not know about the interstate travel of TJ Maxx's merchandise—where the merchandise sold come from, how merchandise at their distribution center in Las Vegas

---

[5] During the testimony of the interstate nexus witness for WSS Shoes, the Court asked the government to clarify with the witness if the distribution center location in California was the same in January 2022. But clarification was needed in that context because the testimony suggested there was a change in location of the distribution center. The witness clarified both distribution centers were located in California.

came to be shipped or transported to the distribution center, or if any of the merchandise sold is made in Nevada—to argue the government failed to establish interstate nexus.[6] (ECF No. 130 at 8.) In response, the government points to evidence that TJ Maxx temporarily closed down because of the robbery for law enforcement investigation, along with testimony from Borer that TJ Maxx has hundreds of stores[7] in the United States and is headquartered in Framingham, Massachusetts. (ECF No. 131 at 7.) Viewing this evidence in the light most favorable to the government, a rational jury could find that Defendant's robbery of TJ Maxx had a de minimus impact on interstate commerce.

Defendant alternatively argues in a conclusory manner that the same arguments presented in support of judgment of acquittal support a new trial under Fed. R. Crim. P. 33(a). (ECF No. 130 at 9.) Although determining whether to grant a motion for a new trial is left to the district court's discretion, "it should be granted only in exceptional cases in which the evidence preponderates heavily against the verdict." *United States v. Pimentel*, 654 F.2d 538, 545 (9th Cir. 1981) (citation and internal quotation marks omitted). Moreover, the defendant bears the burden of persuasion. *See United States v. Endicott*, 869 F.2d 452, 454 (9th Cir. 1989). Here, Defendant's arguments have not persuaded the Court that his case falls into the category of "exceptional cases in which the evidence preponderates heavily against the verdict." *Pimentel*, 654 F.2d at 545. Accordingly, the Court denies Defendant's alternative motion for a new trial.

## III. CONCLUSION

The Court notes that the parties made several arguments and cited several cases not discussed above. The Court has reviewed these arguments and cases and determines that they do not warrant discussion as they do not affect the outcome of the Motion before the Court.

---

[6] While Borer testified she was not certain where the goods that are in the distribution center in Las Vegas come from, she also testified that she is not aware that any goods sold at the TJ Maxx stores in Nevada are made in Nevada nor has she seen any made in Nevada tag on merchandise sold during her past 10 years of employment with TJ Maxx.

[7] Borer testified that TJ Maxx has over 2000 stores in the United States.

1  It is therefore ordered that Defendant's motion for judgment of acquittal or
2 alternatively for a new trial (ECF No. 130) is denied.

3  DATED THIS 1st Day of May 2025.

_____
MIRANDA M. DU
UNITED STATES DISTRICT JUDGE